IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WILLIAMS, Individually and On Behalf of All Others Similarly Situated,<br>*Plaintiff*, | § | Civil Action No. 4:25-cv-5630 |
| v. | § | |
| SIBERIA HOUSTON LNA, LLC d/b/a EXPRO AUTO COLLISION & REPAIR CENTER,<br>*Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff James Williams ("Plaintiff" or "Williams") and files this Original Complaint against his former employer, Siberia Houston LNA, LLC doing business as Expro Auto Collision & Repair Center ("Expro" or "Defendant") under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") for three willful violations: misclassification as an independent contractor, unpaid overtime wages, and a failure to keep accurate time and records for Plaintiff and the other drivers. Plaintiff seeks to recover back wages, liquidated damages, and attorneys' fees.

## I. NATURE OF THE CASE

1. Plaintiff's claims arise under the FLSA for being misclassified as an independent contractor when he should have been classified as an employee and for unpaid overtime. The FLSA defines appropriate pay deductions and sets overtime pay as well as recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c). Further, Plaintiff asserts the misclassification and overtime claims as collective action claims.

2. Defendant willfully violated the FLSA because the company, and specifically its owner, knew or showed a reckless disregard for whether its pay practices were unlawful. Therefore, Plaintiff brings this action, under 29 U.S.C. § 216(b) to recover back wages, liquidated damages, and attorneys' fees and costs.

## II. PARTIES

3. James Williams is an individual, a citizen of the State of Texas who worked for Defendant within the jurisdiction of this Court during the lookback period(s).

4. Siberia Houston LNA, LLC doing business as Expro Auto Collision & Repair Center is a domestic limited liability company that may be served through its registered agent, Natalia Oparina, located at 940 Highway 6 S, Houston, Texas 77079 which is the same location as the business's address registered with the Texas Secretary of State. Alternatively, if the registered agent of this Defendant cannot with reasonable diligence be found at any of the foregoing addresses, the Defendant may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

5. An allegation that Defendant committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III. JURISDICTION AND VENUE

6. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

7. Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e- 5(f)(3), because Defendant conducts business in the district, is headquartered out of this district according to its website, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Southern District of Texas, Houston Division.

## IV. STATEMENT OF FACTS

8. Plaintiff worked exclusively for Defendant for thirteen (13) years as a tow truck driver in the Houston metropolitan area.

9. Plaintiff's duties included picking up vehicles with a tow truck in the Houston area and taking them to the appropriate tow yard. In performance of those duties, Plaintiff regularly handled goods and materials that moved within interstate commerce or otherwise engaged in activities affecting interstate commerce. As such, Plaintiff is individually covered under the FLSA.

10. Even if Plaintiff was not individually covered by the FLSA, there is enterprise coverage for the Defendant since the Defendant made over $500,000 in revenue during each year in the lookback period(s) and had at least two employees engaged in interstate commerce, or in handling goods that have moved in interstate commerce.

11. Defendant had a contract with the City of Houston to perform towing services during the time period(s) relevant to this lawsuit. Within the course of that contract, Defendant represented to the City of Houston that the tow truck drivers, including Plaintiff, were employees and making minimum wage.

12. However, internally, Defendant instructed Plaintiff and the other tow truck drivers to create a "DBA" ("doing business as"), though they were supposed to be classified as W-2 employees.

13. Defendant would pay Plaintiff and the other tow truck drivers the difference between minimum wage and their regular rate of pay via 1099. However, their regular rate of pay never

included overtime for the hours Plaintiff and the other tow truck drivers worked over forty (40) in a workweek.

14. Plaintiff was required to fill out a time card every week, told to write down 6 am to 6 pm with an hour lunch. However, during the entire course of Plaintiff's employment – 13 years – Plaintiff was never able to take the hour lunch break.

15. Plaintiff consistently worked 77 – 80 hours each week that he worked for Defendant and was never paid 1.5 times his regular rate for the hours he worked over 40 each work week. However, Plaintiff's timecards only ever reflected 60 – 65 hours worked each week.

16. Plaintiff and the other tow truck drivers were not paid by the hour though, but by how many cars they would tow.

17. Due to the dual classification, Plaintiff was paid minimum wage for approximately sixty (60) hours and then via 1099 for the cars Plaintiff towed, with no overtime included.

18. Eventually, after the COVID-19 pandemic, Defendant stopped paying Plaintiff and the other tow truck drivers via W-2 at all. When Plaintiff asked Defendant for a picture of his previous W-2/W-4 tax forms, Defendant refused.

19. Defendant also required Plaintiff to pay for the employer-side of the payroll taxes.

20. To the extent that Defendant either dual-classified Plaintiff and the other tow truck drivers so that not all their wages would reflect on a W-2 form and/or classified Plaintiff and the other tow truck drivers as independent contractors, they were misclassified.

21. In early 2025, Plaintiff filed a complaint with the Texas Attorney General for the Defendant's suspicious tax and employment practices, as well as RICO violations.

22. Defendant retaliated against Plaintiff for his complaints by filing a criminal charge against Plaintiff for alleged credit card abuse of $259. However, the alleged credit card abuse was actually

Plaintiff simply using the gas card he was issued by Defendant while he was still an employee with Defendant, the same card that he had been using for years without issue. As such, Defendant's false police report was pure retaliation for Plaintiff's complaint about Defendant's tax and employment practices.

23. Defendant knew or should have known that misrepresenting Plaintiff's time records, employment classification to the IRS, and failing to pay overtime violated the law.

24. Defendant's conduct was willful within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 255(a), because Defendant knew or showed reckless disregard as to whether its pay and classification practices were unlawful.

25. Additionally, when Plaintiff was hired, he and Defendant entered into an unwritten agreement under which Plaintiff would perform work for Defendant in exchange for payment of his regular hourly rate for each hour worked. Defendant breached that agreement by failing to pay Plaintiff for all hours worked.

26. As a result of Defendant's violations of the Fair Labor Standards Act and breach of the parties' employment agreement, Plaintiff is entitled to recover unpaid wages, liquidated damages, attorneys' fees, and costs under 29 U.S.C. § 216(b), as well as contract damages under Texas law.

## V. CAUSES OF ACTION

### A. Count One – Failure to Pay Overtime in Violation of 29 U.S.C § 206 (For Plaintiff and the Collective)

27. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

28. Plaintiff and the other tow truck drivers working for Defendant were either paid and classified as both W-2 employees and independent contractors at the same time so that not all of their wages were taxed and/or categorized as wages or were reclassified from this dual system to

being classified as a 1099 independent contractor.

29. Regardless of which, Plaintiff and the other tow truck drivers were misclassified as the economic realities of the working relationship proves these workers were employees, not independent contractors.

30. The misclassification of Plaintiff and the other tow truck drivers was willful as the Defendant knew or showed a reckless disregard for whether this classification was proper and legal.

**B. Count Two – Failure to Pay Overtime in Violation of 29 U.S.C § 206 (For Plaintiff and the Collective)**

31. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

32. The FLSA requires that covered employers pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a).

33. During his employment, Plaintiff and the other tow truck drivers frequently worked in excess of forty (40) hours per workweek for Defendant.

34. Defendant failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for those hours worked over forty (40) during many, if not all the workweeks during the relevant time period(s) in which Plaintiff worked.

35. Defendant's failure to pay overtime compensation to Plaintiff as required by the FLSA constitutes a violation of 29 U.S.C. § 207(a).

36. Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a) because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA.

### C. Count Three – Recordkeeping Violation in violation of 29 U.S.C. § 211

37. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

38. Defendants failed to keep accurate time and pay records for Plaintiff throughout his employment with Defendant, as well as for all the other tow truck drivers working for Defendant.

39. Defendant's failure is evident in their failing to account for – and pay for – all hours worked by Plaintiff.

40. As such, Defendant violated 29 U.S.C. § 211's requirement to keep accurate time and pay records for Plaintiff.

### D. Count Four – Willful Violations of the FLSA under 29 U.S.C § 255(a)

41. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

42. Defendant willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

43. Specifically, Defendants knew, or should have known, that Plaintiff was 1) misclassified as an independent contractor; not paid overtime at 1.5 times his regular rate; and 3) retaliated against by Defendant after a valid and viable complaint to the Texas Attorney General for Defendant's tax and employment pay practices.

44. As such Defendant willfully violated the FLSA.

45. Therefore, because Defendant willfully violated the FLSA, Defendant is liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### E. Count Five – Collective Action Under 29 U.S.C. § 216(b)

46. Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b) on behalf of

himself and all other similarly situated, current and former tow truck drivers who were employed by Defendant during the last three (3) years.

47. The collective group (the "Collective") is defined as:

> All current and former tow truck drivers employed by X Pro Auto Towing in Houston, Texas, and elsewhere in the State of Texas, who were paid on a 1099 or non-hourly basis and who were not paid overtime compensation at one and one-half times their regular rate of pay for hours worked over forty (40) in a workweek during the three years preceding the filing of this action.

48. Plaintiff and the Collective members are similarly situated in that they all:

a. Perform(ed) the same or substantially similar job duties (towing vehicles; responding to dispatch calls, and transporting vehicles in the Houston area);

b. Were subject to the same pay and classification policies and practices of Defendant;

c. Worked more than forty (40) hours per week without receiving overtime pay; and

d. Were misclassified as independent contractors.

49. Defendant applied the same unlawful pay and misclassification to all tow truck drivers, regardless of individual job title, work location, or length of employment.

50. Defendant's policy of failing to pay overtime compensation was a centralized and uniform practice, implemented by company management and applicable to all drivers.

51. The claims of Plaintiff are typical of the claims of the Collective members.

52. Plaintiff will fairly and adequately represent and protect the interests of the Collective members.

53. Defendant's violations of the FLSA were willful, as Defendant knew or showed reckless

disregard for whether its conduct violated the FLSA,

54. Other current and former employees would likely join this lawsuit if given notice, as they were subjected to the same unlawful pay practice.

55. Therefore, notice of this action should be sent to all potential Collective members so that they may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).

### F. Count Six – Liquidated Damages, Attorneys' Fees & Costs under 29 U.S.C. § 216(b)

56. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein. FED. R. CIV. P. 10(c).

57. Plaintiff is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

58. Plaintiff is authorized to recover attorneys' fees and costs on his claims by statute as well. 29 U.S.C. § 216(b).

59. Plaintiff has retained the professional services of the undersigned attorney. Thus, Plaintiff has complied with the conditions precedent to recovering attorneys' fees and costs.

60. Moreover, Plaintiff has incurred and will incur attorneys' fees and costs in bringing this lawsuit. The attorneys' fees and costs incurred (or that will be incurred) were or are reasonable and necessary.

61. Defendant is liable to Plaintiff for liquidated damages, attorneys' fees and costs by reason of the FLSA violations described herein. 29 U.S.C. § 216(b).

## VI. DAMAGES

62. Plaintiff seeks to recover from Defendant:

a. All unpaid overtime compensation for hours worked over forty (40) in a workweek;

b. Reimbursement of the employer taxes that Plaintiff paid on the Defendant's behalf; and

c. An equal amount in liquidated damages as provided by 29 U.S.C. § 216(b).

63. In addition, for all of his claims, Plaintiff seeks an award of:

a. Reasonable attorneys' fees and costs of court, as authorized by 29 U.S.C. § 216(b) and applicable Texas law; and

b. Such other and further relief—legal or equitable—as the Court deems just and proper.

## VII. REQUEST FOR JURY TRIAL

64. Plaintiff hereby requests a trial by jury.

## VIII. PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief set forth under the Damages heading of this Complaint.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

Bridget Davidson
*bdavidson@spacecitylaw.com*
SDTX No.: 3005005
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana St., Ste 1110
Houston, Texas 77002
E-Service: *hello@spacecitylaw.com*
Tel.: 713-568-5305

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Original Complaint was filed via the Court's CM/ECF system on November 21, 2025 and will be sent to a licensed process server with a copy of the Summons to the Defendant if Defendant does not opt to waive service.

Bridget Davidson